IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN PACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 3:15-cv-28 |
| | ) |
| SUPERINTENDENT JANE ALLEN | ) |
| and | ) |
| MIDDLEBURY COMMUNITY | ) |
| SCHOOLS, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR BREACH OF SETTLEMENT AGREEMENT**

Comes now the Plaintiff, KEVIN PACK, by counsel, and for his claim for relief against the Defendant, MIDDLEBURY COMMUNITY SCHOOLS, states as follows:

**DIVERSITY JURISDICTION**

1. This is a civil action that falls within the Court's original jurisdiction under 28 U.S.C. sec. 1332. Plaintiff is a citizen of Nebraska and Defendant is a municipal corporation of Indiana so there is a complete diversity of citizenship, and Plaintiff seeks damages from Defendants' breach of the parties settlement agreement in prior litigation and states that the monetary amount of such damages, exclusive of interest and costs, exceeds $80,000.

**VENUE**

2. Venue is proper in the South Bend division of the Northern District of Indiana. The Defendant Middlebury School Corporation is a municipal corporation located in Elkhart County which is encompassed by that jurisdiction.

3. That Plaintiff was employed by Defendant, Middlebury Community Schools, located in Elkhart County, as a German teacher from on or about August, 2013 until April, 2014, when he was terminated.

4. That Plaintiff's complaint for violation of 1st Amendment rights was pending in the Northern District of Indiana as Case No. 3: 15-cv-28

4. That Plaintiff and Defendant reached an agreement and the parties signed a Settlement Agreement which contained non-disparagement and non-disclosure clauses that neither party was to "disparage the other party" (Exhibit 1)

5. That the Defendant, School Superintendent Jane Allen, has violated said non-disparagement and non-disclosure clauses by actions detrimental to Plaintiff and intended to disparage and hold him up to scorn, and has done so in her Office of Superintendent, including oral communications and writings intended to damage and disparage.

6. That the Defendant, Middlebury School Corporation, has, in addition, published and maintained public access to certain material which likewise disparaged Plaintiff and held him up to scorn in its media and communications and.

7. That Defendants' actions were in breach of the non-disparagement and non-disclosure clauses contained in the settlement agreement entered into between the parties on November 14, 2016 and have caused Plaintiff damage to the reputation

professional standing and has caused loss of earnings and earning capacity in the amount in excess of $90,000 for the harm he has suffered as a result of Defendants' violations.

WHEREFORE, Plaintiff prays for judgment against the Defendants for damages suffered, for the costs of this action, for attorney's fees, and for all other appropriate relief in the premises.

Respectfully submitted,

WERNLE, RISTINE & AYERS

By /s/ James E. Ayers
James E. Ayers, #2491-54
Attorney for Plaintiff