UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN PACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:18-CV-924-PPS-MGG |
| | ) |
| SUPERINTENDENT JANE ALLEN and | ) |
| MIDDLEBURY COMMUNITY | ) |
| SCHOOLS | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

This lawsuit was filed on November 14, 2018 and alleges breach of the non-disparagement and non-disclosure provisions of a settlement agreement previously entered in to by plaintiff Kevin Pack and the Middlebury Community Schools school district. [DE 1 at 2.] Mr. Pack had been a German teacher who had his employment terminated and later sued alleging his termination was a violation of the First Amended. [*Id.*] That lawsuit was settled, and Pack has now sued claiming that defendants school Superintendent Jane Allen and Middlebury Community Schools have violated the settlement agreement, disparaging him and causing him harm. [*Id.*] Both defendants answered the complaint [DE 7] and Superintendent Allen has moved for judgment on the pleadings as to her only. [DE 8.]

The basis of Superintendent Allen's motion is straightforward: she says she cannot be held liable as an individual, because under Indiana law, only the school board corporation itself or its "governing body" (*e.g.* a board of trustees) are capable of

being sued. *See* I.C. § 20-26-5-4. It is perhaps because of how straight-forward this argument is that Pack has not even filed a response in opposition. Superintendent Allen's motion was filed on February 6, 2019 and pursuant to Local Rule 7-1(d)(2)(A), Pack's response was due on or before February 20, 2019. L.R. 7-1. He has thus conceded the point and that alone warrants a grant of Superintendent Allen's motion. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning. An unresponsive response is no response. In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so.").

But even if Pack had responded, the merits of the motion and Superintendent Allen's position are clear. Superintendent Allen was not a party to the settlement agreement; it was a contract between Pack and Middlebury Community Schools only. [DE 1-1.] And Pack's complaint only alleges conduct on Superintendent Allen's part which was done in her official capacity. [*See* DE 1 at ¶ 5.] At best, suing Superintendent Allen in her official capacity is wholly redundant of suing the corporate entity: the Middlebury Community Schools, and thus she should be dismissed from this lawsuit. *Collins v. Meike*, 52 F. App'x 835, 836 (7th Cir. 2002) (affirming dismissal of claims against school principal in official capacity as "redundant" when the school board itself was also sued).

ACCORDINGLY: Defendant Superintendent Jane Allen's Motion for Judgment on the Pleadings [DE 8] is GRANTED and this case is DISMISSED as to her. The claims against Defendant Middlebury Community Schools remain.

SO ORDERED on March 15, 2019.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT